**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SURJIT SINGH GILL, | No. 08-70445 |
| Petitioner, | Agency No. A099-357-639 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 19, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Surjit Singh Gill petitions for review of the dismissal by the Board of

Immigration Appeals of his appeal from the order of removal entered by the

Immigration Judge following her denial of asylum, withholding of removal, and

relief under the Convention Against Torture. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

When the BIA's conclusion is guided by the IJ's decision, as it is here, our review includes both the BIA's and IJ's decisions. *Delgado v. Holder*, 648 F.3d 1095, 1108 n.18 (9th Cir. 2011) (en banc).

"Adverse credibility findings are reviewed under the substantial evidence standard and 'will be upheld unless the evidence compels a contrary result.'" *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)). Some of the reasons the IJ gave in support of Gill's adverse credibility finding cannot withstand scrutiny, but "we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). It was reasonable for the agency to find Gill incredible based on his inconsistent statements about the number of people that were arrested with him on June 6, 2004. In the period between his asylum interview and removal hearing, the number of people that were allegedly arrested with Gill shrank from twenty to twenty-four, to nine or ten. It was not unreasonable for the IJ to conclude that fact would not be forgotten if Gill was really describing what happened to him.

Gill's right to due process was not violated by the IJ's refusal to receive Dr. Mahmood's verbal testimony in place of her written declaration. "Requiring evidence to be presented by declaration is an accepted and encouraged technique

2

for shortening bench trials." *In re Gergely*, 110 F.3d 1448, 1452 (9th Cir. 1997) (quotation marks omitted). While an IJ's refusal to hear live testimony could constitute a due process violation in some circumstances, *see, e.g.*, *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005), Gill was not prejudiced in any event because Dr. Mahmood could not have provided any information about Gill's conflicting reports regarding the number of people with whom he was arrested.

The BIA did not explicitly address his CAT claim, as it should have. However, the BIA need only "provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention." *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). The IJ found Gill ineligible for CAT relief for two reasons: the adverse credibility determination, which meant that he had not proven that it was more likely than not he would be tortured if returned to India, and his ability to relocate within India.

In addition to upholding the IJ's credibility determination, her finding that Gill was unable to demonstrate past persecution, and her finding that Gill was not entitled to statutory relief or protection, the BIA concluded the IJ "correctly determined that in any event, the respondent was able to relocate." The BIA contemplated the basis for Gill's CAT claim and rejected it. That is sufficiently

3

comprehensible for our review.

**PETITION DENIED.**

*Gill v. Holder*, No. 08-70445

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

I concur in all of the majority's disposition, except for its treatment and denial of Gill's claim under the Convention Against Torture ("CAT"), from which I dissent.

The majority concedes that "[t]he BIA did not explicitly address [Gill's] CAT claim, as it should have." Yet, it goes on to reject the claim on its merits for reasons the BIA itself did not rely on. We may affirm the BIA only on grounds set forth in the opinion under review. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947)). The majority's reliance on grounds not articulated in either the BIA's decision or in that portion of the Immigration Judge's decision concerning the CAT claim is a clear violation of the venerable *Chenery* principle.

The BIA is not free to ignore arguments raised by a petitioner and, in disposing of a CAT claim, must provide a statement of its reasons for denying relief that is adequate for this Court to conduct its review. *Antoyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). Here, the BIA entirely failed to address Gill's CAT claim, much less to provide a cogent statement of its reasons for denying the claim.

Accordingly, because I would remand Gill's CAT claim to the BIA for

further proceedings, *see She v. Holder*, 629 F.3d 958, 963-64 (9th Cir. 2010), I respectfully dissent from that portion of the disposition.

As to Gill's remaining contentions, I concur in the decision.